1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DEONTRAY WILLIAMS, | Case No.  1:20-cv-01094-BAM (PC) |
| Plaintiff, | ORDER DENYING MOTION TO APPOINT COUNSEL |
| v. | (ECF No. 11) |
| PFEIFFER, *et al.*, | |
| Defendants. | |

Plaintiff Michael Deontray Williams ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion to appoint counsel, filed August 13, 2020. (ECF No. 11.)  In his motion, Plaintiff states that he is unable to afford counsel, and his imprisonment will greatly limit his ability to litigate.  In addition, Plaintiff states that he has limited access to the law library, and coronavirus 19 (COVID-19) precautions have closed CSP Sacramento's A Facility since March 2020.  Plaintiff alleges there has been no law library access. Plaintiff further states that he receives mental health care at the EOP level and he suffers from auditory and visual hallucinations, traits of schizophrenia paranoid type.  Plaintiff states that he has a TABE score of 2.9.  Plaintiff has made repeated efforts to obtain a lawyer but has been unsuccessful.  (Id.)

///

1

1    Plaintiff does not have a constitutional right to appointed counsel in this action, <u>Rand v.</u>

2  <u>Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997), <u>rev'd in part on other grounds</u>, 154 F.3d 952, 954

3  n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28

4  U.S.C. § 1915(e)(1).  <u>Mallard v. U.S. Dist. Court for the S. Dist. of Iowa</u>, 490 U.S. 296, 298

5  (1989).  However, in certain exceptional circumstances the court may request the voluntary

6  assistance of counsel pursuant to section 1915(e)(1).  <u>Rand</u>, 113 F.3d at 1525.

7    Without a reasonable method of securing and compensating counsel, the Court will seek

8  volunteer counsel only in the most serious and exceptional cases.  In determining whether

9  "exceptional circumstances exist, a district court must evaluate both the likelihood of success on

10 the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the

11 complexity of the legal issues involved."  <u>Id.</u> (internal quotation marks and citations omitted).

12   The Court has considered Plaintiff's request, but does not find the required exceptional

13 circumstances.  Even if it is assumed that Plaintiff is not well versed in the law and that he has

14 made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.

15 This Court is faced with similar cases filed by prisoners who are proceeding *pro se* and with

16 limited access to the law library almost daily.  Many of these prisoners also have limited

17 education and receive mental health treatment.  These litigants also must conduct legal research

18 and litigate their cases without the assistance of counsel.

19   Furthermore, at this stage in the proceedings, the Court cannot make a determination that

20 Plaintiff is likely to succeed on the merits.  Plaintiff's complaint has not yet been screened to

21 determine whether it states cognizable claims upon which it may proceed, and based on a review

22 of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his

23 claims.

24   Finally, the Court notes that if Plaintiff continues to experience limited or no access to the

25 law library at his institution, he may seek appropriate extensions of time for any applicable

26 deadlines.  However, at this time there are no pending deadlines in this action which would

27 require Plaintiff to access the law library to conduct legal research.

28 ///

2

Accordingly, Plaintiff's motion to appoint counsel, (ECF No. 11), is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **August 14, 2020**                    /s/ *Barbara A. McAuliffe*
                                                UNITED STATES MAGISTRATE JUDGE