# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DEONTRAY WILLIAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>PFEIFFER, *et al.*,<br><br>    Defendants. | Case No. 1:20-cv-01094-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO AMEND (ECF No. 15)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS (ECF Nos. 1, 14, 16)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.  Background**

Plaintiff Michael Deontray Williams ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On October 2, 2020, the Court screened Plaintiff's complaint and found that Plaintiff stated a cognizable claim for excessive force in violation of the Eighth Amendment against Defendants Atkinson, Cervantes, and John Doe for the incident on August 31, 2018, but failed to state any other cognizable claims against any other defendants. (ECF No. 14.) The Court ordered Plaintiff to either file a first amended complaint or notify the Court of his willingness to proceed only on the cognizable claims identified by the Court. (Id.)

On October 21, 2020, Plaintiff filed a motion to amend the complaint and a notice of his willingness to proceed on the cognizable claims identified by the Court. (ECF Nos. 15, 16.) In

his motion to amend, Plaintiff states that the Court instructed him to file a motion to amend the complaint concerning Defendant John Doe, but he cannot identify Defendant John Doe with enough clarity for him to be identified by the U.S. Marshal. (ECF No. 15.) Plaintiff only knows that Defendant John Doe was a Hispanic male. Because Plaintiff cannot identify Defendant John Doe, Plaintiff states that he is willing to not sue the Doe defendant but instead file suit against Defendants Atkinson and Cervantes on the cognizable Eighth Amendment claim. (Id.)

Taken together with Plaintiff's concurrently filed notice stating that he does not wish to file an amended complaint and he is agreeable to proceeding only on the cognizable claim identified by the Court against Defendants Atkinson and Cervantes, (ECF No. 16), it appears to the Court that Plaintiff is not actually seeking to file an amended complaint. If Plaintiff is requesting to file an amended complaint simply for the purpose of removing John Doe as a defendant, such an amendment is not necessary. Furthermore, Plaintiff is not yet required to identify Defendant John Doe for service of process. At the time the complaint is ordered served, Plaintiff will be granted additional time to acquire more identifying information regarding Defendant John Doe. If he can identify Defendant John Doe, Plaintiff can file a motion to amend the complaint substituting Defendant John Doe at that time. If not, Defendant John Doe will be dismissed for failure to provide such information. Accordingly, at this time the motion to amend is denied, without prejudice.

**II.     Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell

Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

**A.     Allegations in Complaint**

Plaintiff is currently housed in California State Prison in Sacramento, California.  The events in the complaint are alleged to have occurred while Plaintiff was housed at Kern Valley State Prison in Delano, California.  Plaintiff names as defendants: (1) Christian Pfeiffer, Warden; (2) M. Cervantes, Correctional Officer escort; (3) R. Atkinson, correctional officer, C7 floor; (4) John Doe, correctional officer C7 floor; (5) J. Carillo, (6) D. Badger, sergeant.

Plaintiff alleges that while he was out to court from Sacramento State Prison and housed at Kern Valley, he should not have been housed in the general population and should have been housed in the SHU.

On August 31, 2018, at about 11:34 hours, Plaintiff was called out of his cell by J. Carillo by orders of sergeant D. Badger.  As Plaintiff was walking to the rotunda, an inmate bumped into Plaintiff.  Plaintiff was placed in a holding cell by Defendant Atkinson and Defendant Cervantes. Plaintiff stated that "I'm going to 602 you for making that inmate bump into me."  Defendant Atkinson came to the holding cage and pepper sprayed Plaintiff and Defendant Cervantes also sprayed Plaintiff.  Cervantes pulled Plaintiff out of the holding cage and slammed Plaintiff to the ground.  Defendants Cervantes and John Doe beat plaintiff repeatedly by punching Plaintiff in the head and face while Defendant Atkinson repeatedly punched Plaintiff in the stomach and side. Plaintiff laid still and unresistant.  Plaintiff suffered a head injury and concussion, lacerations to his eye and face and back injury.

3

In claim 1, Plaintiff alleges a violation of the Eighth Amendment. In claims II and III, Plaintiff alleges violation of the due process. Plaintiff seeks compensatory and punitive damages and declaratory relief.

**B.      Discussion**

        **1.      Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (citation and internal quotation marks omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). This is because, while factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–57; Moss, 572 F.3d at 969. Therefore, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).

Aside from the excessive forces allegations, it is unclear from the allegations what are the constitutional violations Plaintiff alleges occurred. Plaintiff must clearly state what happened, when it happened or who was involved.

        **2.      Linkage Requirement**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States...to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, (1978); Rizzo v. Goode, 423 U.S. 362, (1976). The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Here, Plaintiff fails to adequately link Defendant Pfeiffer, Carillo or Badger to any constitutional violation suffered by Plaintiff. While Plaintiff identifies Defendant Badger as the officer who gave orders to Carillo for Plaintiff to be removed from the cell, Plaintiff fails to allege any factual allegations specifically asserting what either Defendant Badger, Carillo or Pfeiffer did, or did not do which violated Plaintiff's rights. Plaintiff fails to demonstrate a link between Defendant Badger's, Carillo's and Pfeiffer's actions or omissions and the resulting deprivation of Plaintiff's constitutional rights.

### 3.     Supervisor Liability

Insofar as Plaintiff is attempting to sue Defendants Pfeiffer or Badger, or any other defendant, based solely upon his or her supervisory role, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 676–77; Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1020–21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205–06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009). Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." Redman v. Cty. of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations

marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1970).

### 4. Eighth Amendment – Excessive Force

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v McMillian, 503 U.S. 1, 5 (1992) (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832–33 (1994) (quotations omitted).

For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 7. Relevant factors for this consideration include "the extent of injury . . . [,] the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" Id. (quoting Whitley v. Albers, 475 U.S. 1078, 1085 (1986)).

Liberally construing the allegations, Plaintiff states a cognizable excessive force claim against Defendants Atkinson, Cervantes, and John Doe for the incident on August 31, 2018.

### 5. Due Process

Plaintiff alleges Fifth Amendment and Fourteenth Amendment Due Process claims.

"[T]he Fifth Amendment's due process clause applies only to the federal government." Bingue v. Prunchak, 512 F.3d 1169, 1174 (9th Cir. 2008). Since the only defendants named in this action are employees of a department of the state, the Fifth Amendment does not apply. The Fourteenth Amendment applies to actions of the state officials. San Francisco Arts & Athletics, Inc. v. U.S. Olympic Comm., 483 U.S. 522, 543, n.21 (1987). The Court, however, is unsure what claim Plaintiff is attempting to bring under the Fourteenth Amendment. If Plaintiff is attempting to allege that one or more Defendants violated his right to procedural due process or substantive due process, then he needs to allege facts to support each element of those legal claims against particular Defendants.

To the extent Plaintiff is complaining about his housing, Plaintiff is informed that an inmate has no constitutional right to a particular security classification or housing. See Meachum v. Fano, 427 U.S. 215, 224–25 (1976) (no liberty interest protected by the Due Process Clause is implicated in a prison's reclassification and transfer decisions); see also Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007). Neither the Eighth nor the Fourteenth Amendment endows prisoners with a right to be housed in a particular part of the prison or with a particular inmate. See Meachum, 427 U.S. at 224–25 (no liberty interest in placement in particular facility); Allen v. Purkett, 5 F.3d 1151, 1153 (8th Cir. 1993) (no Due Process right to be housed with compatible inmate); Bjorlin v. Hubbard, No. CIV S–09–1793 2010 WL 457685, *1 (E.D. Cal. Feb. 4, 2010) (same).

To the extent a disciplinary action is at issue, the Court provides the following legal and pleading standards. The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff, 418 U.S. at 556. The minimum procedural requirements that must be met in such proceedings are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Id. at 563–71. As long as the Wolff requirements are met, due process has been satisfied. Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). In addition, "some evidence" must support the decision of the hearing officer, Superintendent v. Hill, 472 U.S. 445, 455 (1985), and the evidence must have some indicia of reliability, Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987). The "some evidence" standard is not particularly stringent and the relevant inquiry is whether "there is any evidence in the record

that could support the conclusion reached . . . ." Hill, 472 U.S. at 455–56 (emphasis added).

### 6. Doe Defendants

The use of John Does in pleading practice is generally disfavored. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980); Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999); Lopes v. Viera, 543 F.Supp.2d 1149, 1152 (E.D. Cal. 2008). Plaintiff is hereby advised that the court cannot order service of a Doe defendant because the United States Marshal cannot serve a Doe defendant. Plaintiff will be required to identify him or her with enough information to locate the defendant for service of process. For service to be successful, the Marshal must be able to identify and locate defendants. Once the identify of a Doe defendant is ascertained, Plaintiff must file a motion to amend his complaint only to identify the identified Doe defendant so that service by the United States Marshal can be attempted.

As noted above, when the complaint is ready for service of process, Plaintiff will be provided a deadline by which he must identify Defendant John Doe for service of process.

### 7. Declaratory Relief

Plaintiff's complaint seeks a declaratory judgment. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Vill., 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985).

If this action reaches trial and the jury returns a verdict in favor of Plaintiff, then that verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that any defendant violated Plaintiff's rights is unnecessary.

## III. Conclusion and Recommendation

Based on the above, the Court finds that Plaintiff's complaint states a cognizable claim for excessive force in violation of the Eighth Amendment against Defendants Atkinson, Cervantes, and John Doe for the incident on August 31, 2018.

However, Plaintiff's complaint fails to state any other cognizable claims for relief against any other defendants.

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Furthermore, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's complaint, filed July 21, 2020, (ECF No. 1), against Defendants Atkinson, Cervantes, and John Doe for excessive force in violation of the Eighth Amendment for the incident on August 31, 2018; and
2. All other claims and defendants be dismissed based on Plaintiff's failure to state claims upon which relief may be granted.

***

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 22, 2020**        /s/ Barbara A. McAuliffe
                                    UNITED STATES MAGISTRATE JUDGE

9